UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JAMES T. PATTEN, PETER L. COKER, SR., AND PETER L. COKER, JR.,<br><br>　　　　　Defendants. | Hon. Christine P. O'Hearn, U.S.D.J.<br><br>Civ. No. 22-cv-05703<br><br>**ORDER GRANTING LEAVE TO INTERVENE AND A STAY** |

　　This matter having come before the Court upon the motion of the United States for an Order: (1) granting the United States leave to intervene in the above-captioned civil action (the "SEC Case") pursuant to Federal Rule of Civil Procedure 24; and (2) staying the Civil Case pending the conclusion of criminal proceedings in *United States v. Patten, Coker, Sr., and Coker, Jr.*, Crim. No. 22-643 (CPO), and any related proceedings before the United States District Court, including trial (the "Criminal Case"):

　　**WHEREAS**, on September 26, 2022, plaintiff Securities and Exchange Commission (the "SEC") filed a complaint initiating the Civil Case against defendants James T. Patten ("Patten"), Peter Coker, Sr. ("Coker, Sr."), and Peter Coker, Jr. ("Coker, Jr.") (collectively the "Defendants"), alleging that the Defendants violated Sections 17(a)(1) and (3) of the Securities Act of 1933 [15 U.S.C. §§ 77q(a)(1) and (3)], Section 10(b) of the Securities Exchange Act of

1934 [15 U.S.C. § 78j(b)], and Rules 10b-5(a) and (c) thereunder [17 C.F.R. §§ 240.10b-5(a) and (c)].

**WHEREAS**, the SEC's civil complaint alleges that, among other things, the Defendants participated in a conspiracy to manipulate and artificially inflate the stock prices and valuation of Hometown International and E-Waste Corp., two publicly traded companies, in order to generate a profit.

**WHEREAS**, none of the Defendants have answered the SEC's civil complaint, and the parties have not yet exchanged discovery in the SEC Case.

**WHEREAS**, four days before the SEC Case was filed, on or about September 22, 2022, a grand jury, sitting in Newark, New Jersey, returned a twelve-count Indictment charging the Defendants with conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371 (Count One), securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff (Count Two), conspiracy to manipulate securities prices, in violation of 18 U.S.C. § 371 (Count Three), and charging Patten with manipulation of securities prices, in violation of 15 U.S.C. §§ 78i(a)(2) and 78ff (Counts Four through Seven), wire fraud, in violation of 18 U.S.C. § 1343 (Counts Eight through Eleven), and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *See* Crim. No. 22-643 (CPO).

**WHEREAS**, the Criminal Case arose from an ongoing parallel criminal investigation conducted by the Federal Bureau of Investigation, Internal Revenue Service, and the United States Attorney's Office for the District of New Jersey and similarly alleges that the Defendants conspired to manipulate and

artificially inflate the price of Hometown International and E-Waste Corp. after taking control of the companies' stock through the use of deceptive trading practices.

**WHEREAS**, on September 26, 2022, Patten and Coker, Sr. made their initial appearances in the Criminal Case before a federal magistrate judge in the Middle District of North Carolina and were released on bond pending the resolution of the Criminal Case.

**WHEREAS**, October 11, 2022, Patten and Coker, Sr. were arraigned before this Court, entered pleas of not guilty to the charges set forth in the Indictment, and the Court entered a Scheduling Order in the Criminal Case. *See* Crim. No. 22-643 (CPO), ECF No. 13.

**WHEREAS**, there is a significant overlap between the SEC Case and the Criminal Case in that the civil proceeding and the criminal prosecution involve the same individual defendants (Patten, Coker, Sr., and Coker, Jr.) the same alleged scheme to defraud, and many of the same potential witnesses.

**WHEREAS**, a stay of the SEC Case will cause little to no particularized harm to the SEC, the Defendants, or to the public, and it will likely benefit the parties and the public by reducing the scope of discovery in the SEC Case and by narrowing or eliminating the issues to be decided in the SEC Case.

**WHEREAS**, the United States timely applied to intervene in the SEC Case.

**WHEREAS**, the United States has a sufficient interest in the SEC Case that may be affected or impaired by the disposition of the SEC Case and which is not adequately represented by an existing party in the SEC Case.

**WHEREAS**, the SEC Case and the Criminal Case share common questions of law and fact.

**WHEREAS**, this Court has the inherent authority to stay proceedings in a civil case in the interests of justice when a parallel criminal prosecution is underway.

**WHEREAS**, the SEC and defendants Patten and Coker, Sr., are not opposed to staying proceedings in the SEC Case until the Criminal Case has concluded.

**IT IS THEREFORE ON THIS** _____ **DAY OF** _____, **2022**,

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(1)(B), the United States is granted leave to intervene in the above-captioned matter; and it is further

**ORDERED** that, in the interests of justice, the above-captioned matter is hereby stayed until the Criminal Case is completed.

_____
HON. CHRISTINE P. O'HEARN
UNITED STATES DISTRICT JUDGE