UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
ONE PENN CENTER, 1617 JOHN F. KENNEDY BLVD., SUITE 520
PHILADELPHIA, PA 19103-1844

PHILADELPHIA
REGIONAL OFFICE

October 28, 2026

**Via ECF**

The Honorable Christine P. O'Hearn
United States District Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 6050
Camden, NJ 08101

**Re: *Securities and Exchange Commission v. Patten, et al.***
**Civil Action No.: 22-cv-05703-CPO (D.N.J.)**

Dear Judge O'Hearn:

Pursuant to the Court's Order dated August 31, 2026 (ECF 24), we write to update the Court regarding the status of this matter on behalf of Plaintiff Securities and Exchange Commission ("SEC" or "Commission"), Defendant James Patten, and Defendant Peter Coker, Sr. These parties request that the Court continue the stay as to Defendants Patten and Coker, Sr. for now and that these parties provide a further status report to the Court on or before November 13, 2026.

The parties have had meaningful settlement discussions. On October 15, the SEC sent proposed settlement documents to counsel for Defendants Patten and Coker, Sr. Counsel for Defendant Coker, Sr. has represented that his client agrees to the proposed terms and will execute the requisite document soon. Because Defendant Patten is currently in prison in West Virginia, serving the criminal sentence imposed in the related case, there are inherent delays in counsel's ability to communicate with him. Counsel has mailed the proposed settlement documents to Defendant Patten and intends to confer with Defendant Patten as soon as possible. If Defendants execute the proposed documents, the SEC staff will require additional time to present the potential settlements to the SEC Commissioners for their consideration. As previously noted, while the SEC staff has authorization to negotiate potential settlements, it does not have authority to bind the Commission. The staff makes a recommendation to the Commission, which is subject to review and comment by various Divisions and Offices within the SEC, and ultimately considered by the Commissioners themselves. The review process is extensive. As a result, if Defendants Patten and Coker, Sr. execute the proposed documents, the parties would seek a continuation of the stay so that the SEC staff can present the recommendation to the Commission.

The SEC has not identified current contact information for Defendant Peter Coker, Jr. Accordingly, the SEC requests that the Court lift the stay as to Defendant Coker, Jr. only and afford him 45 days to respond to the Amended Complaint. If Defendant Coker, Jr. fails to respond to the Amended Complaint, the SEC anticipates promptly seeking entry of the Clerk's default as to Defendant Coker, Jr. At that time, the SEC would request additional time to file its motion for default judgment, so that it may seek Commission authorization for the relief requested. That process is the same as obtaining Commission consideration of a potential settlement.

A proposed Order is filed herewith for the Court's consideration.

Sincerely,

s/ John V. Donnelly III
John V. Donnelly III
Senior Trial Attorney
Phone: 215-861-9670
Email: DonnellyJ@sec.gov

cc: Marc Agnifilo, Esq. (counsel for Defendant Peter Coker Sr.)
Zachary Intrater, Esq. (counsel for Defendant Peter Coker Sr.)
Adam Brody, Esq. (counsel for Defendant James Patten)